COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Overton
Argued at Norfolk, Virginia


ALVIN JEROME PATTERSON
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2733-95-1      JUDGE NELSON T. OVERTON
                                         NOVEMBER 26, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF YORK COUNTY
              Russell M. Carneal, Judge Designate

        Sydney K. L. West (Horne, West & McMurtrie,
        P.C., on brief), for appellant.

        Margaret Ann B. Walker, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.



     Alvin Jerome Patterson was convicted by a jury of shooting

from a vehicle in violation of § 18.2-286.1, shooting at an

occupied vehicle in violation of § 18.2-154, and attempted

malicious wounding in violation of § 18.2-26.  He contends on

appeal that the trial court erred by refusing to admit into

evidence certain letters that he claims impeach a witness for the

Commonwealth.  Finding no reversible error, we affirm.

     The two letters in question were written to Patterson by

Cleo Harper, an eyewitness to the shooting.  They were written

after Patterson's arrest, and contain statements professing

Harper's affection for Patterson.  One letter makes reference to

another woman with apparent interest in Patterson, but falls

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

short of establishing any relationship between the two. Patterson claims that the letters show that he and Harper were in a relationship, and that Harper found out about this other woman, resulting in her motive to testify against him. The trial court's refusal to admit these letters, he argues, prevented him from properly impeaching a Commonwealth's witness.

We disagree. The letters show no real bias by Harper against Patterson. Any claim of a jealous motive is supported by neither the content of the letters nor anything else in the record. The excluded letters would therefore add nothing to the evidence presented to the jury.

Furthermore, although these two letters were not admitted, two other cards sent by Harper to Patterson were admitted. Harper also testified at trial as to her continual affection for Patterson while he was awaiting trial. Thus, if any error occurred, it was harmless.

Find no reversible error, we affirm.

<u>Affirmed</u>.